NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> JACOB DRUMMONDO-FARIAS, <br><br> Defendant-Appellant. | No. 20-10187 <br> 20-10256 <br><br> D.C. Nos. <br> 1:12-cr-00174-JMS-1 <br> 1:12-cr-00174-JMS <br><br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief District Judge, Presiding

Submitted August 4, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit
Judges.

Jacob Drummondo-Farias appeals pro se from the district court's denial of

two motions for compassionate release brought under 18 U.S.C. § 3582(c)(1)(A)(i).

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review for an abuse of discretion the denial of a motion for compassionate release under Section 3582(c)(1). *United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021) (per curiam). A district court abuses its discretion when "its application of the correct legal standard [is] (1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 577 (1985)).

The district court did not abuse its discretion by denying either of Drummondo-Farias's motions for compassionate release. At 37 years old, Drummondo-Farias did not present a demonstrated risk factor for severe illness with COVID-19 even assuming he was obese, and nearly 15 years remained on his 27-year sentence. Nor did the district court abuse its discretion when it determined that the Section 3553(a) weighed against release in light of Drummondo-Farias's criminal history. *See United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (noting the "deference we must afford the district court when it makes these discretionary decisions"). There was no abuse of discretion.

**AFFIRMED.**